

**Julia R. Livingston, Esq.**
**Senior Associate**
jmerejo@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.640.7659

May 21, 2026

**VIA ECF**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the District of New Jersey (by designation)
c/o United States District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

|  |  |  |
|---|---|---|
| Re: | **In re Daniel's Law Compliance Litigation** | |
| Case Nos: | **24-4037 (We Inform, LLC)** | |
| | **24-4041 (Infomatics, LLC)** | |
| | **24-4045 (The People Searchers, LLC)** | |
| | **24-4075 (DM Group, Inc.)** | |
| | **24-4080 (Deluxe Corp.)** | |
| | **24-4096 (Delvepoint, LLC)** | |
| | **24-4098 (Quantarium Alliance, LLC)** | |
| | **24-4103 (Yardi Systems, Inc.)** | |
| | **24-4141 (Digital Safety Products, LLC)** | |
| | **24-4143 (Civil Data Research, LLC)** | |
| | **24-4160 (Scalable Commerce, LLC)** | |
| | **24-4174 (Labels & Lists, Inc.)** | |
| | **24-4176 (Innovis Data Solutions, Inc.)** | |
| | **24-4178 (Accurate Append, Inc.)** | |
| | **24-4256 (Zillow, Inc.)** | |
| | **24-4261 (Equimine, Inc.)** | |
| | **24-4269 (Thomson Reuters Corp.)** | |
| | **24-4292 (Melissa Data Corp.)** | |
| | **24-4324 (Restoration of America)** | |
| | **24-4345 (i360, LLC)** | |
| | **24-4383 (Accuzip, Inc.)** | |
| | **24-4385 (Synaptix Technology, LLC)** | |
| | **24-4389 (Joy Rockwell Enterprises, Inc.)** | |
| | **24-4434 (E-Merges.com, Inc.)** | |
| | **24-4609 (Nuwber, Inc.)** | |
| | **24-4664 (RocketReach LLC)** | |
| | **24-5600 (Propertyradar, Inc.)** | |



Hon. Harvey Bartle, III, U.S.D.J.
May 20, 2026
Page 2 of 4

> **24-5656 (The Alesco Group, L.L.C.)**
> **24-5658 (Searchbug, Inc.)**
> **24-5775 (Amerilist, Inc.)**
> **24-7324 (US Data Corp.)**
> **24-8075 (Smarty, LLC)**
> **24-8451 (Compact Information Systems, LLC)**
> **24-10600 (Darkowl, LLC)**
> **24-11023 (Spy Dialer, Inc.)**
> **25-1535 (Innovative Web Solutions, LLC)**
> **25-5989 (Publicnsa, LLC)**
> **25-6863 (REDX, LLC)**
> **25-9224 (Freedomsoft303, LLC)**
> **25-9963 (Sterling Data Company, LLC)**
> **25-12137 (AGR Marketing Solutions, LLC)**

Dear Judge Bartle:

This firm represents plaintiffs, Atlas Data Privacy Corporation, as assignee of individuals who are covered persons under N.J.S.A. 56:8-166.1(d); and the individual plaintiffs (collectively, "Plaintiffs"), in the above-referenced matters. Pursuant to Your Honor's instructions during the status conference on these matters on Tuesday, May 18, 2026, Plaintiffs have attached examples of Plaintiffs' Initial Disclosures (Exhibit A), and examples of Initial Disclosures filed by Defendants that Plaintiffs believe are deficient (Exhibits B and C) and should be amended and required documents should be provided within the thirty-day period prescribed by Your Honor.

Examples of Defendants' deficiencies are on the next page.

We believe that all the Defendants have submitted deficient Initial Disclosures under Rule 26(a)(1) and have failed to properly identify witnesses under 26(a)(1)(A)(i), have failed to a provide a proper description by category and location of relevant documents and ESI under 26(a)(1)(A)(ii); and have failed to provide copies of applicable insurance policies under 26(a)(1)(iv).

Hon. Harvey Bartle, III, U.S.D.J.
May 20, 2026
Page 3 of 4



Examples of Deficiencies

| Defendant | Section | Deficient Response |
|---|---|---|
| Joy Rockwell Enterprises LLC<br><br>(Exhibit B) | (i) Individuals Likely to Have Discoverable Information. | Identifies 13 groups of people. All but 2 are related to Plaintiffs. Defendant identify only an unnamed "corporate representative" and unnamed "other persons, witnesses and/or corporate representatives."<br><br>Fails to name any specific individuals who possess relevant information. |
| Zillow, Inc.<br><br>(Exhibit C) | (i) Individuals Likely to Have Discoverable Information. | Identifies 27 individuals. All but one are related to Plaintiff or non-parties. The single defendant corporate employee is a "Manager, Bridge Data Support, knowledgeable about Zillow's Bridge API."<br><br>Fails to identify sufficient employees with relevant information. |
| Zillow, Inc.<br><br>(Exhibit C) | (ii) A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. | Identifies a single set of documents: "Documents reflecting communications with Plaintiffs and Atlas Data Privacy's purported assignees."<br><br>Fails to list any other categories of documents, for example, documents concerning<br><br>i. Defendants' practices, policies, or procedures for receipting, processing, and complying with nondisclosure requests,<br>ii. the databases, datasets, or similar which contain the personal information possessed by Defendants and shared with customers,<br>iii. the products through which Defendants' may share personal information of Covered Persons (including the already-identified Bridge API);<br>iv. the customers or other individuals to which Defendants' may share personal information of Covered Persons,<br>v. Defendants' privacy policies, trainings, or similar concerning Daniel's Law and/or other privacy laws.<br><br>Fails to list the locations of these documents—for example, email servers, instant messaging platforms (e.g., Slack), ticketing systems (e.g., ZenDesk), and internal servers or cloud-based servers (e.g., Amazon Web Services/AWS). |
| Zillow, Inc.<br><br>(Exhibit C) | (iv): any insurance agreement[s] | Identifies that "Defendants have an insurance agreement under which an insurance business may be liable."<br><br>Defendant had failed to produce the agreement, despite entry of a protective order. |

Hon. Harvey Bartle, III, U.S.D.J.
May 20, 2026
Page 4 of 4



Plaintiffs have sent a copy of this letter and exhibits to Mr. Angelo Stio, III, as Your Honor instructed.

We thank the Court for its continued attention to these matters and are available should Your Honor have any additional questions.

Respectfully submitted,

**PEM LAW LLP**
*Attorney for Plaintiffs*

*/s/ Julia R, Livingston*
JULIA R. LIVINGSTON

JRL/
cc: All counsel of record (via ECF)

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> Plaintiffs, <br><br> v. <br><br> WE INFORM, LLC, et al. <br><br> Defendants. | Case No. 1:24-cv-04037 |
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> Plaintiffs, <br><br> v. <br><br> INFOMATICS, LLC, et al. <br><br> Defendants. | Case No. 1:24-cv-04041 |
| ATLAS DATA PRIVACY CORPORATION, et al. <br><br> Plaintiffs, <br><br> v. <br><br> THE PEOPLE SEARCHERS, LLC, et al. <br><br> Defendants. | Case No. 1:24-cv-04045 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DM GROUP, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04075 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DELUXE CORPORATION, et al.<br><br>Defendants. | Case No. 1:24-cv-04080 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04103 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL SAFETY PRODUCTS, LLC, et al.<br><br>Defendants. | Case No. 1:24-cv-04141 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CIVIL DATA RESEARCH, LLC, et al.<br><br>Defendants. | Case No. 1:24-cv-04143 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SCALABLE COMMERCE, LLC, et al.<br><br>Defendants. | Case No. 1:24-cv-04160 |
| ATLAS DATA PRIVACY CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LABELS & LISTS, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04174 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>INNOVIS DATA SOLUTIONS, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04176 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ACCURATE APPEND, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04178 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ZILLOW, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04256 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON REUTERS CORPORATION, et al.<br><br>Defendants. | Case No. 1:24-cv-04269 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>RESTORATION OF AMERICA, et al.<br><br>Defendants. | Case No. 1:24-cv-04324 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | Case No. 1:24-cv-04345 |
| Plaintiffs, | |
| v. | |
| i360, LLC, et al. | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | Case No. 1:24-cv-04383 |
| Plaintiffs, | |
| v. | |
| ACCUZIP, INC., et al. | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al. | Case No. 1:24-cv-04385 |
| Plaintiffs, | |
| v. | |
| SYNAPTIX TECHNOLOGY, LLC, et al. | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>JOY ROCKWELL ENTERPRISES, INC., et al.<br><br>Defendants. | Case No. 1:24-cv-04389 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>E-MERGES.COM, et al.<br><br>Defendants. | Case No. 1:24-cv-04434 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROCKETREACH LLC, et al.<br><br>Defendants. | Case No. 1:24-cv-04664 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>PROPERTYRADAR, INC., et al.<br><br>　　　　　Defendants. | Case No. 1:24-cv-05600 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>THE ALESCO GROUP, LLC, et al.<br><br>　　　　　Defendants. | Case No. 1:24-cv-05656 |
| ATLAS DATA PRIVACY CORPORATION, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>SEARCHBUG, INC., et al.<br><br>　　　　　Defendants. | Case No. 1:24-cv-05658 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>AMERILIST, INC., et al.<br><br>　　　　　Defendants. | Case No. 1:24-cv-05775 |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>           Plaintiffs,<br><br>           v.<br><br>US DATA CORPORATION, et al.<br><br>           Defendants. | Case No. 1:24-cv-07324 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>           Plaintiffs,<br><br>           v.<br><br>SMARTY, LLC, SMARTYSTREETS, LLC, et al.<br><br>           Defendants. | Case No. 1:24-cv-08075 |
| ATLAS DATA PRIVACY CORPORATION, et al.<br><br>           Plaintiffs,<br><br>           v.<br><br>COMPACT INFORMATION SYSTEMS, LLC, et al.<br><br>           Defendants. | Case No. 1:24-cv-08451 |

| |
|---|
| ATLAS DATA PRIVACY CORPORATION, et al. |
| Plaintiffs, |
| v. |
| DARKOWL, LLC, et al. |
| Defendants. |

Case No. 1:24-cv-10600

## **RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons,[1] Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, William Sullivan, and Peter Andreyev ("Plaintiffs") make the following initial disclosures. These initial disclosures are based solely on information presently known and reasonably available to Plaintiffs, and are provided without prejudice to producing, during discovery or at trial, any additional data, information, or documents that are discovered, determined to be relevant for any purpose, or determined to have been omitted from these disclosures. Plaintiffs reserve the right to revise and/or supplement these disclosures in light of further discovery, factual investigation, and/or trial preparation. Plaintiffs do not waive any applicable privilege or protection

---

[1] Unless stated otherwise, capitalized terms used herein shall have the same meanings ascribed to them in the operative complaints.

and reserve all rights to object to the production in discovery and/or admissibility at trial of any information contained in or derived from these disclosures, including on privilege, relevancy, materiality, work product, undue burden, hearsay, confidentiality, competency, or any other valid grounds, even if such discovery requests or proceedings involve or relate to the subject matters described herein. Nothing in these disclosures is an admission or concession on the part of Plaintiffs with respect to any issues of fact or law.

Subject to the foregoing qualifications and limitations, Plaintiffs make the following disclosures:

1. **Fed. R. Civ. P. 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs are currently aware of the following individuals who are likely to have discoverable information that Plaintiffs may use to support their claims or defenses. Plaintiffs have listed in good faith the probable general subject matter of each witnesses' knowledge, but this general description does not limit the information each witness may provide in this action.

As a result of their current role and their relationships with Plaintiffs, certain witnesses identified below associated with Plaintiffs may have attorney-client or work product privileged information. Where indicated, these witnesses are

10

represented by counsel; accordingly, they should not be contacted except through their attorneys. The Individual Plaintiffs identified below are disclosed only for those cases in which they are named plaintiffs.

- Matthew Adkisson

  o Mr. Adkisson likely has discoverable information on topics that include Atlas's operations and its email delivery platform, status and verification of covered persons, delivery of written nondisclosure requests to Defendants, Defendants' noncompliance with nondisclosure requests, and Atlas's Terms of Service, including the timing and scope of assignments from covered persons. Mr. Adkisson may only be contacted through the undersigned counsel.

- David Nelson

  o Mr. Nelson likely has discoverable information on topics that include Defendants' noncompliance with nondisclosure requests. Mr. Nelson may only be contacted through the undersigned counsel.

- Plaintiff Jane Doe-1

  o Jane Doe-1 likely has discoverable information on topics that include her status as a covered person, the home address and

11

unlisted home telephone number she seeks to protect, and delivery of her nondisclosure request(s) to Defendants. Jane Doe-1 may only be contacted through the undersigned counsel.

- Plaintiff Scott Maloney

  o Mr. Maloney likely has discoverable information on topics that include his status as a covered person, the home address and unlisted home telephone number he seeks to protect, and delivery of his nondisclosure request(s) to Defendants. Mr. Maloney may only be contacted through the undersigned counsel.

- Plaintiff Justyna Maloney

  o Mrs. Maloney likely has discoverable information on topics that include her status as a covered person, the home address and unlisted home telephone number she seeks to protect, and delivery of her nondisclosure request(s) to Defendants. Mrs. Maloney may only be contacted through the undersigned counsel.

- Plaintiff Peter Andreyev

  o Mr. Andreyev likely has discoverable information on topics that include his status as a covered person, the home address and unlisted home telephone number he seeks to protect, and delivery

12

of his nondisclosure request(s) to Defendants. Mr. Andreyev may only be contacted through the undersigned counsel.

- Plaintiff Jane Doe-2

  o Jane Doe-2 likely has discoverable information on topics that include her status as a covered person, the home address and unlisted home telephone number she seeks to protect, and delivery of her nondisclosure request(s) to Defendants. Jane Doe-2 may only be contacted through the undersigned counsel.

- Plaintiff Patrick Colligan

  o Mr. Colligan likely has discoverable information on topics that include his status as a covered person, the home address and unlisted home telephone number he seeks to protect, and delivery of his nondisclosure request(s) to Defendants. Mr. Colligan may only be contacted through the undersigned counsel.

- Plaintiff William Sullivan

  o Mr. Sullivan likely has discoverable information on topics that include his status as a covered person, the home address and unlisted home telephone number he seeks to protect, and delivery of his nondisclosure request(s) to Defendants. Mr. Sullivan may only be contacted through the undersigned counsel.

13

- Plaintiff Edwin Maldonado

  o Mr. Maldonado likely has discoverable information on topics that include his status as a covered person, the home address and unlisted home telephone number he seeks to protect, and delivery of his nondisclosure request(s) to Defendants. Mr. Maldonado may only be contacted through the undersigned counsel.

- Corporate Representative of Defendant[2]

  o The corporate representative of Defendant likely has discoverable information on topics that include Defendant's business, Defendant's collection and use and of home address and unpublished home telephone numbers of Covered Persons, Defendant's receipt of nondisclosure requests, Defendant's communications and actions surrounding nondisclosure requests, Defendant's disclosure of protected information through various channels following compliance periods, Defendant's efforts to comply with and awareness of Daniel's Law, Defendant's efforts to comply with other privacy laws and requests by customers to opt out of disclosure of their

---

[2] For purpose of this disclosure, references to "Defendant" herein refers to each of the defendants in the above-captioned cases.

14

information, Defendant's "reverse lookup" products and other products that disclose protected information under Daniel's Law, and Defendant's revenues and profits from these products, including revenues and profits associated with the Protected Information of Covered Persons. Defendant's corporate representative also likely has knowledge of when Defendant learned about the nondisclosure requests and this lawsuit, and any reasons for delay in responding to the same. The contact information for the corporate representative is known to Defendant's counsel.

Plaintiffs also reserve the right to obtain discovery in support of their claims or defenses from any witness identified in Defendants' Rule 26(a)(1) initial disclosures.

2. **Fed. R. Civ. P. 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Plaintiffs identify the following (non-exhaustive) categories of documents, electronically stored information, and tangible things in Plaintiffs' possession, custody, or control that Plaintiffs may use to support their claims or defenses. The

15

general descriptions below are provided in good faith, but are not intended to limit Plaintiffs' proof of any claim or defense in any way:

- Screenshots of the Atlas platform signup process undertaken by the Individual Plaintiffs and the assignors.

- Information provided by the Individual Plaintiffs and assignors in response to the Atlas platform signup questions.

- AtlasMail email templates used by the Individual Plaintiffs and assignors for each nondisclosure request.

- Records reflecting the contents of each written nondisclosure request transmitted to Defendant.

- Records reflecting delivery of each nondisclosure request.

- Non-privileged documents reflecting the Defendant's disclosure or re-disclosure of protected information more than ten (10) business days after receipt of the written nondisclosure requests, to the extent such documents are within Atlas' possession, custody, or control.

- Records reflecting executed Terms of Service agreements between Atlas, on the one hand, and each assignor or Individual Plaintiff, on the other.

- Records reflecting the versions of the Terms of Service Atlas provided to the Individual Plaintiffs or assignors from January 1, 2023, through the date of the filing of the Complaint.

16

- The confirmation of claim assignment for claims at issue in each case sent by Atlas to each assignor.

- Screenshots of Defendant's website.

Copies of these documents are either in Plaintiffs' possession, custody, or control or available at the offices of PEM Law LLP. Plaintiffs also may rely on publicly available documents and on documents produced by any other party or non-party in this action to support their claims. Plaintiffs make this disclosure without any admission as to the relevance, discoverability, or admissibility of these identified documents, and without waiver of any right to withhold the production of the identified documents or information (or any other documents or information requested during the course of discovery) on the basis of any claim of privilege or other immunity.

3. **Fed. R. Civ. P. 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Plaintiffs seek all available damages for violations detailed in the Complaint, including without limitation actual damages, which includes both economic and non-economic damages (for example, the value associated with the compromise of each Covered Person's safety or privacy), that are not less than the available liquidated damages under Daniel's Law calculated at "$1,000 for each violation,"

17

along with punitive damages, to be determined by the Court, for willful noncompliance as allowed under Daniel's Law. *See* N.J.S.A. § 56:8-166.1(c)(1)-(2). Plaintiffs also seek reasonable attorneys' fees and other litigation costs incurred and any other preliminary and equitable relief as the Court determines to be appropriate.

The specific calculation of damages will depend in part on information that can only be obtained through discovery, including, for example, the number of violations based on each instance in which Defendant published, re-published, or otherwise made available each home address and each telephone number subject to a nondisclosure request, including where that information may have been made available on more than one website, in more than one way on a given website, or at multiple points in time. Defendant also reaped unjust profits and enrichment through the sale and/or making available of Covered Persons' data, in addition to not having paid any Covered Persons for their data or their choice to refuse and not allow disclosure. Plaintiffs, through discovery, seek information that will be used to calculate damages, and Plaintiffs reserve the right to supplement and/or amend this response through the ongoing course of discovery.

4. **Fed. R. Civ. P. 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

18

Plaintiffs are unaware of any insurance agreement under which any party to this lawsuit may satisfy all or part of a possible judgment in this case or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,

Dated: October 10, 2025

By: /s Rajiv D. Parikh
Rajiv D. Parikh

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted pro hac vice)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email: mmao@bsfllp.com
jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, Florida 33131

19

Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

Samantha Parrish (*pro hac vice* to be filed)
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Email: sparrish@bsfllp.com
Email: rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

20

# **EXHIBIT B**

**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant Joy Rockwell Enterprises, Inc.*
*d/b/a PostcardMania*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, *Plaintiff,* v. JOY ROCKWELL ENTERPRISES, INC. d/b/a POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals, and ABC COMPANIES 1-10, fictitious names of unknown entities, *Defendants.* | Case No.: 1:24-cv-04389  Civil Action  **DEFENDANT JOY ROCKWELL ENTERPRISES, INC. d/b/a POSTCARDMANIA'S INITIAL DISCLOSURES** |

Defendant, Joy Rockwell Enterprises, Inc. d/b/a PostcardMania (improperly

named as d/b/a PostcardMania PCM LLC) ("PCM"), by and through its undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(1), serves its initial disclosures.  In making its initial disclosures, PCM does not waive the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine, or immunity, nor does PCM admit any facts or allegations set forth in the Complaint (Doc. No. 1). Moreover, without obligating itself to do so, PCM reserves the right to supplement its initial disclosures as additional discovery, investigation, and analysis may warrant and/or as required by *Fed. R. Civ. P*. 26(e).

I.    **Individuals Likely to Have Discoverable Information (*Fed. R. Civ. P. 26(a)(1)(A)(i)*)**

Listed below are the names of individuals who are likely to have discoverable information that PCM may use to support its defenses, excepting information to be used solely for impeachment. Where known, the subject areas in which the individuals may have knowledge are included but are not meant to be exclusive of the particular individual's potential knowledge.  PCM will identify its expert(s) at a later date pursuant to the applicable Federal Rules of Civil Procedure.

1.    Atlas Data Privacy Corporation,
*as assignee of individuals who are Covered Persons*
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com

2

keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

2. EDWIN MALDONADO
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

3. SCOTT MALONEY
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

4. JUSTYNA MALONEY
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com

3

jmerejo@pemlawfirm.com

5.    PATRICK COLLIGAN
      c/o PEM LAW LLP
      Rajiv D. Parikh
      Kathleen Barnett Einhorn
      Jessica A. Merejo
      1 Boland Drive, Suite 101
      West Orange, NJ 07052
      Tel.: (973) 577-5500
      rparikh@pemlawfirm.com
      keinhorn@pemlawfirm.com
      jmerejo@pemlawfirm.com

6.    PETER ANDREYEV
      c/o PEM LAW LLP
      Rajiv D. Parikh
      Kathleen Barnett Einhorn
      Jessica A. Merejo
      1 Boland Drive, Suite 101
      West Orange, NJ 07052
      Tel.: (973) 577-5500
      rparikh@pemlawfirm.com
      keinhorn@pemlawfirm.com
      jmerejo@pemlawfirm.com

7.    WILLIAM SULLIVAN
      c/o PEM LAW LLP
      Rajiv D. Parikh
      Kathleen Barnett Einhorn
      Jessica A. Merejo
      1 Boland Drive, Suite 101
      West Orange, NJ 07052
      Tel.: (973) 577-5500
      rparikh@pemlawfirm.com
      keinhorn@pemlawfirm.com
      jmerejo@pemlawfirm.com

8.    JANE DOE-1, a law enforcement officer
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

9.    JANE DOE-2, a law enforcement officer
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

10.    Each of the "assignees" as identified in the Complaint
or otherwise disclosed through discovery including as
identified on the spreadsheets previously produced as
ATLAS-JRCKE_0000001-2
c/o PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

5

Plaintiffs, inclusive of each of the above-named individuals, are expected to have knowledge of the allegations in their Complaint and any purported damages suffered as a result of those allegations.  Specifically, Plaintiffs are expected to have knowledge surrounding Atlas's business model, marketing, and representations, the alleged assignment of rights, representations made by Atlas during the recruitment process of the assignors, covered person status of each plaintiff/assignor, the selection of PCM as an intended recipient of the "notices," the purported drafting and sending of written notices to PCM to cease disclosing or redisclosing protected information, details regarding claimed service and receipt of such notices, details of the protected information that were the subject of such notices, PCM's alleged noncompliance with Daniel's Law, Atlas's unauthorized access to PCM's computer and systems, the Atlas platform, damages, and all facts support their claims.

11.    Any Contractor, Temporary, Special Employee, or Agent of Atlas
Names Currently Unknown
Address Currently Unknown
Telephone Currently Unknown

Any Contractor, Temporary, Special Employee, or Agent of Atlas is likely to have discoverable information on Atlas's businesses practices, including but not limited to the collection, processing, and handling of data relevant to the claims, counterclaims, and defenses in this action. Such persons may also have information regarding any investigations conducted by Atlas/Plaintiffs into the business and

6

activities of PCM, as well as the scope, methodology, and results of such investigations, including whether the same was done in contravention of federal and state laws or contractual provisions, including but not limited to terms of service and terms of use. Names and contact information of these individuals are not presently known but will be supplemented when identified.

12.    Corporate Representative of PCM
       c/o Kelly M. Purcaro, Esq.
       Greenspoon Marder LLP
       One Gateway Center, Suite 2600
       Newark, New Jersey 07102

A corporate representative of PCM is likely to have information regarding PCM's policies, practices, systems, procedures, business model, and communications; its relationship, if any, with Plaintiffs; and, after reviewing relevant documents and materials, information related to the allegations in Plaintiffs' Complaint. The corporate representative of PCM will have information regarding the impact of the Altas spam attack on its business, information in support of PCM's counterclaims, and related damages. The corporate representative may be contacted only through the undersigned attorneys.

13.    Other Persons, Witnesses, and/or Corporate Representatives

       Names Currently Unknown
       Address Currently Unknown
       Telephone Currently Unknown

Other persons, witnesses, and/or corporate representatives, including, but not

7

limited to, the alleged co-conspirators, which may include investors, email platform providers, investigators, lobbyists, police unions, police departments, police benevolent associations, and union contract negotiators, are likely to have discoverable information on Atlas' businesses practices, including, but not limited to, the lobbying for changes to Daniel's Law in order to facilitate the spam attack on PCM, the development of the attack on PCM, the timing, methodologies, and processes in launching the attack on PCM, the inclusion of PCM in the "data broker" list, recruitment and accrual of and representation to "assignors," creation of the "notices" and processes related to same, and handling of data relevant to the claims and defenses in this action.  Such persons may also have information regarding any investigations conducted by Plaintiff into the activities of PCM's business, as well as the scope, methodology, and results of such investigations, including whether same was done in contravention of federal and state laws or contractual provisions, including, but not limited to, terms of service and terms of use.  Names and contact information of these individuals are not presently known but will be supplemented when identified.

14.    PCM reserves the right to amend or supplement this disclosure to include additional individuals who are likely to have discoverable information as may be uncovered throughout the course of discovery.

15.    PCM reserves the right to call any witness, individual, and/or company

8

identified in discovery.

16.    PCM reserves the right to call any such other impeachment or rebuttal witnesses that may become necessary.

17.    PCM reserves the right to use any witness identified by Plaintiffs.

18.    PCM reserves the right to supplement this disclosure and/or witness list with witnesses as they become known to PCM upon proper notice to all Parties.

## II.    Description by Category of Documents (*Fed. R. Civ. P. 26(a)(1)(A)(ii)*)

The following are categories of non-privileged documents in PCM's possession, custody, or control that PCM may use to support its claims and defenses, other than those to be used solely for impeachment.

1.    Documents relating to PCM's policies, practices, systems, procedures, and communications.

2.    Documents relating to PCM's business, scope of services, and e-mail communications and other correspondence between PCM and other parties as relevant and discoverable in this case.

3.    Documents related to PCM's counterclaims, response to the spam attack and lawsuit, efforts to work with Atlas, business interruption, interference with business, losses, and damages.

4.    PCM reserves the right to rely upon any documents produced in discovery.

9

5.    PCM reserves the right to supplement this disclosure with categories of documents as they become known to PCM upon proper notice to all Parties.

### III.    Computation of Damages (*Fed. R. Civ. P.* **26(a)(1)(A)(iii)**)

PCM is seeking damages related to its counterclaims, including but not limited to damages related to Violations of the Federal Computer Fraud and Abuse Act, damages related to Violations of the New Jersey Computer Related Offenses Act, damages resulting from Atlas's tortious interference, civil fraud and as well as those related to Atlas's and its co-conspirators actions, the total of which is subject to discovery and which amount will be proven at trial. PCM does not yet have the information to precisely compute damages. PCM reserves the right to supplement upon the receipt of sufficient information to allow for computation of damages.

To the extent allowed by applicable law, PCM will seek to recover its attorneys' fees and costs of the defense of this action, punitive damages, and all other available remedies. The amount of attorneys' fees and costs that will be expended is unknown at this time.

### IV.    Insurance Agreement (*Fed. R. Civ. P.* **26(a)(1)(A)(iv)**)

PCM is not aware of any applicable insurance agreement at this time, but reserves the right to supplement this disclosure, if necessary.

DATED:  October 8, 2025                    Respectfully submitted,

*/s/ Kelly M. Purcaro*
**GREENSPOON MARDER LLP**

10

Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Riverfront Plaza
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8734 or 8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant PCM, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of October, 2025, a copy of the foregoing Joy Rockwell Enterprises, Inc. d/b/a PostcardMania's (improperly named as d/b/a PostcardMania PCM LLC) Initial Disclosures was served via email on all attorneys of record, including: Rajiv D. Parikh, Kathleen Barnett Einhorn, Jessica A. Merejo, of PEM  Law LLP, 1 Boland Drive, Suite 101, West Orange, NJ 07052, rparikh@pemlawfirm.com; keinhorn@pemlawfirm.com; jmerejo@pemlawfirm.com and John A. Yanchunis of Morgan & Morgan, 201 N. Franklin Street, 7th Floor, Tampa, Fl, 33602, jyanchunis@forthepeople.com, Attorneys for Plaintiffs.

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

11

# EXHIBIT C

Melissa J. Bayly
**BUCHANAN INGERSOLL & ROONEY PC**
550 Broad Street, Suite 810
Newark, New Jersey 07102
Phone: 973-273-9800
Fax:    973-273-9430

Samantha L. Southall (admitted *pro hac vice*)
Krista A. Rose
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA 19102
Tel: 215-665-8700
Fax:  215-665-8760

***Attorneys for Defendants Zillow, Inc. and Zillow Group, Inc.***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES l-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> *Defendants*. | Case No.: 1:24-cv-04256 <br><br><br> **DEFENDANTS' INITIAL DISCLOSURES** |

Defendants Zillow, Inc. ("Zillow") and Zillow Group, Inc. ("Zillow Group") (collectively, "Defendants"), by and through their undersigned counsel, make these initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and this Court's Order of September 12, 2025 (Doc.

No. 74). These disclosures are based on Defendants' understanding of the allegations set forth in the Complaint filed by Plaintiffs on February 8, 2024 and the information reasonably available to Defendants at the present time. Defendants reserve the right to amend, supplement, or modify the disclosures as additional information and discovery is obtained.

Defendants' initial disclosures represent a good-faith effort to identify the information they reasonably believe they may use to support their defenses in this action. Defendants do not represent that these disclosures identify each and every document, tangible thing, or witness that may be relevant to the claims or their defenses in this action. Defendants also reserve the right to call any witness and present any exhibit or item at trial not listed herein to the fullest extent permissible under the applicable Federal Rules of Civil Procedure or Evidence and the Local Rules of this Court.

These disclosures do not include the name(s) of potential experts that have or may be retained or consulted by Defendants. Defendants will produce information relating to experts as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure or by a scheduling order of the Court.

By making these disclosures, Defendants do not waive their right to object to discovery or to the admissibility of any information described herein on the basis of attorney-client privilege, work-product protection, the joint-defense or common-interest doctrine, or any other applicable privilege, law, or rule against discovery, or disclosure. Nor do Defendants waive their right to assert any other objection authorized by the Federal Rules of Civil Procedure or Evidence or any other applicable law or rule in response to requests for the production of documents and things, interrogatories, requests for admission, questions at depositions, or any other discovery requests involving or relating to the subject matter of these disclosures. In particular, all disclosures are

2

made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve: (a) all objections as to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other action; (b) the right to object on any grounds at any time to the use of any of these disclosures or documents and information obtained as a result of these disclosures, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action; and (c) the right to object on any grounds at any time to a demand for further disclosures pursuant to the Federal Rules of Civil Procedure or to other discovery proceedings involving or relating to the subject matter of these disclosures.

**Rule 26(a)(1)(A)(i):** *The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

| Name and Subject | Contact Information |
|---|---|
| Edwin Maldonado, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Scott Maloney, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Justyna Maloney, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Patrick Colligan, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Peter Andreyev, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| William Sullivan, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Jane Doe-1, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Jane Doe-2, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |

3

| | |
|---|---|
| The "approximately 14,1476 individuals" referred to in paragraph 26 of the Complaint, knowledgeable about Plaintiffs' allegations in the Complaint. | Through counsel for Plaintiffs. |
| Matthew William Adkisson, knowledgeable about Plaintiffs' allegations in the Complaint, Atlas Data Privacy's terms and conditions, the purported assignments provided to Atlas Data Privacy. | Through counsel for Plaintiffs. |
| Anthony Crognale, Atlas Data Privacy, knowledgeable about Plaintiffs' allegations in the Complaint, Atlas Data Privacy's terms and conditions, the purported assignments provided to Atlas Data Privacy. | Through counsel for Plaintiffs. |
| Joseph Carlucci, Atlas Data Privacy, knowledgeable about Plaintiffs' allegations in the Complaint, Atlas Data Privacy's terms and conditions, the purported assignments provided to Atlas Data Privacy. | Through counsel for Plaintiffs. |
| Nicole Kuhn, Atlas Data Privacy, knowledgeable about Plaintiffs' allegations in the Complaint, Atlas Data Privacy's terms and conditions, the purported assignments provided to Atlas Data Privacy. | Through counsel for Plaintiffs. |
| Arnaud de St. Meloir, Atlas Data Privacy, knowledgeable about Plaintiffs' allegations in the Complaint, Atlas Data Privacy's terms and conditions, the purported assignments provided to Atlas Data Privacy. | Through counsel for Plaintiffs. |
| Anna Mandell, Atlas Data Privacy, knowledgeable about Plaintiffs' allegations in the Complaint, Atlas Data Privacy's terms and conditions, the purported assignments provided to Atlas Data Privacy. | Through counsel for Plaintiffs. |
| Lightspeed Venture Partners, knowledgeable about Atlas Data Privacy's operations. | 2200 Sand Hill Road Menlo Park, CA 94025 |
| Kemp Au Ventures (or Y Combinator), knowledgeable about Atlas Data Privacy's operations. | 938 Hamilton Avenue Palo Alto, CA 94301 |
| Tom Kemp, knowledgeable about Atlas Data Privacy's operations. | 938 Hamilton Avenue Palo Alto, CA 94301 |
| Boies Schiller & Flexner LLP, knowledgeable about Atlas' lobbying efforts in 2023 to amend Daniel's Law | Through counsel for Plaintiffs. |
| Genova Burns, knowledgeable about Atlas' lobbying efforts in 2023 to amend Daniel's Law. | Through counsel for Plaintiffs. |

4

| | |
|---|---|
| New Jersey State Police Benevolent Association, knowledgeable about Plaintiffs' allegations in the Complaint. | 158 Main Street Woodbridge, NJ 07095 |
| New Jersey State Trooper Fraternal Association, knowledgeable about Plaintiffs' allegations in the Complaint. | 108 W. State Street Trenton, NJ 08608 |
| Full Nelson Investigators, knowledgeable about Plaintiffs' allegations in the Complaint. | 12191 W. Linebaugh #678 Tampa, FL 33626 |
| Jennifer Cormack Consulting, knowledgeable about Plaintiffs' allegations in the Complaint. | 1002B S Church Ave, Unit 18743, Tampa, FL 33679 |
| Mailgun Technologies, knowledgeable about Plaintiffs' allegations in the Complaint. | 112 E Pecan St, #1135 San Antonio, TX, 78205 |
| Metropolitan Transportation Authority Police Benevolent Association, knowledgeable about Plaintiffs' allegations in the Complaint. | 165 N. Village Ave., Suite 206, Rockville Centre, NY 11570 |
| New Jersey PBA Local 105, knowledgeable about Plaintiffs' allegations in the Complaint. | 42 W Lafayette St., Trenton, NJ |
| New Jersey State Senator Joseph Cryan, knowledgeable about amendments to Daniel's Law. | 1585 Morris Avenue, First Floor, Union, NJ 07083 |
| Molly Jones, Manager, Bridge Data Support, knowledgeable about Zillow's Bridge API. | Through counsel for Defendants. |
| Defendants may produce documents that may identify current or former employees who may have information relating to their involvement with relevant activities and/or communications reflected in such documents. Any current or former employee of Defendants – whether identified above, in any documents, discovery responses, or otherwise – may only be contacted through the undersigned counsel for Defendants. | Through counsel for Defendants. |
| Other Witnesses: Any individual or entity Plaintiffs identify in their Rule 26(a)(1) disclosures or in other discovery responses or deposition testimony. Any third party to whom a subpoena is issued or who is otherwise the subject of, or identified by, discovery in this matter. | Not Applicable |

| Any individual or entity identified in, or disclosed by, documents, deposition testimony, or other discovery material produced by any party or nonparty. | |

Defendants' investigation is ongoing.  In addition to the above-listed individuals, there may be other individuals who may have discoverable information that Defendants may use to support their defenses, and Defendants reserve the right to identify those individuals as discovery progresses in this action.

**Rule 26(a)(1)(A)(ii):** *A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

1.      Documents reflecting communications with Plaintiffs and Atlas Data Privacy's purported assignees.

**Rule 26(a)(1)(A)(iii):**  *A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.*

Not Applicable.

**Rule 26(a)(1)(A)(iv):** *For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Defendants have an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.  Upon the entry of a protective order by the Court, Defendants will produce a copy of the potentially relevant insurance policies.

6

Dated:  October 10, 2025

By: /s/ *Melissa J. Bayly*
Melissa J. Bayly
**BUCHANAN INGERSOLL & ROONEY PC**
550 Broad Street, Suite 810
Newark, New Jersey 07102
Phone: 973-273-9800
Fax:    973-273-9430

Samantha L. Southall (admitted *pro hac vice*)
Krista A. Rose (NJ Bar No. 449732024)
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA 19102
Tel: 215-665-8700
Fax:  215-665-8760

*Counsel for Defendants Zillow, Inc. and Zillow Group, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2025 I caused a true and correct copy of

the foregoing document to be served via electronic mail upon all counsel of record.

/s/ *Melissa J. Bayly*
Melissa J. Bayly